UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SMITH,<br>        Plaintiff,<br>     v.<br>PATRICK R. DONAHOE,<br>        Defendant. | Case No. 12-cv-01358-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 52 |

Pro se plaintiff Ronald Smith, a former employee of the United States Postal Service ("USPS"), asserts in this lawsuit that he suffered work-related injuries dating from 1988 to 2004 and sues Patrick R. Donahoe, Postmaster General of the United States, for failing to provide him with rehabilitation services to which he claims he is entitled under the Rehabilitation Act of 1973. First Amended Complaint ("FAC") ¶ 9. The defendant moves for judgment on the pleadings because Mr. Smith fails to state a claim for which relief can be granted and, in the alternative, for summary judgment because Mr. Smith's claims are either barred by the statute of limitations or because Mr. Smith cannot establish a prima facie case of failure to accommodate a disability. Since Mr. Smith's last claim regarding his injuries was conclusively denied by the Department of Labor on March 25, 2005, and he did not file a petition for review with the Merit Systems Protection Board until September 30, 2010, he waited too long to pursue his claim. The statute of limitations has run and the motion for summary judgment is GRANTED. The defendant's motion for judgment on the pleadings is DENIED as moot.

**FACTUAL BACKGROUND**

In 1988, the United States Postal Service hired Mr. Smith, who was hearing impaired in both ears, under a program for the handicapped. Tseng Decl. Ex. D ("Smith Depo. Tr.") 26:18-

1  25. Mr. Smith almost always worked at 1300 Evans Street, San Francisco, California, where he
2  had to be physically present to complete his tasks. Smith Depo. Tr. 47:14-48:16. He was a
3  manual distribution clerk during his whole tenure with USPS. Smith Depo. Tr. 34:11-16. His
4  responsibilities included weighing, casing, rounding up, and distributing mail. Smith Depo. Tr.
5  36:9-16. Casing mail is putting mail into boxes based on their destination. Smith Depo. Tr. 37:2-
6  4. Rounding up mail means taking the mail out of the boxes in preparation for distribution. Smith
7  Depo. Tr. 44:10-23. Distributing mail is physically delivering the boxes to the appropriate clerk.
8  Smith Depo. Tr. 37:25-41:1.

9  Between December 2, 1988, and March 30, 1989, Mr. Smith suffered an eye infection, for
10 which he claims USPS failed to accommodate him. Smith Depo. Tr. 71:10-13. In 1996, Mr.
11 Smith injured his shoulder. Smith Depo. Tr. 72:15-21. Forms CA-1 and CA-2 are the initial
12 claim forms for on-the-job injuries: Form CA-1 applies to traumatic injuries and Form CA-2
13 applies to occupational illnesses or injuries that occur over a period of time. Bradley Decl. ¶ 4.
14 Mr. Smith did not submit any injury compensation claim form before 2000. Smith Depo. Tr.
15 84:21-85:2.

16 In 2000, Mr. Smith suffered another shoulder injury. Smith Depo. Tr. 112:12-15. On
17 February 14, 2000, he filed a Form CA-1 indicating that his injury occurred on February 1, 2000.
18 Smith Depo. Tr. 120:12-121:16; Tseng. Decl. Ex. E. On March 6, 2001, the Department of Labor
19 disputed his claim as not being a traumatic injury.[1] Tseng Decl. Ex. S at 197. On March 26,
20 2001, the Department of Labor requested additional information from Mr. Smith to help
21 adjudicate his claim. Tseng Decl. Ex. E; Smith Depo. Tr. 124:5-22. On May 29, 2001, the
22 Department of Labor sent another letter requesting additional information. Tseng Decl. Ex. G.
23 Mr. Smith did not respond to either letter until he was denied because he was awaiting a medical
24 report from the Department of Veterans Affairs and was undergoing treatment. Smith Depo. Tr.
25 125:11-126:24.

26 On August 20, 2001, the Department of Labor denied Mr. Smith's claim for compensation

---

[1] Mr. Smith also appears to have claimed that he was harassed and wrongfully bypassed for a promotion. Tseng Decl. Ex. S at 197.

because "the evidence was not sufficient to meet the guidelines for establishing that [he] sustained an injury on February 1, 2001, as required by the Federal Employees' Compensation Act." Tseng Decl. Ex. H at 1. Mr. Smith "did not describe the event which occurred, claiming only that [he] had been harassed." *Id.* The denial letter noted that Mr. Smith was advised by the May 29, 2001, letter that he provided insufficient evidence and was given the opportunity to provide supporting evidence, but did not. *Id.* The letter also advised Mr. Smith of his right to appeal the decision.[2] *Id.* at 3-4. After his injury in 2000, Mr. Smith left work and did not return until about May 2002. Smith Depo. Tr. 211:22-214:6.

In 2004, Mr. Smith suffered neck, shoulder, and foot injuries. Smith Depo. Tr. 112:23-113:4. On June 4, 2004, Mr. Smith completed a Form CA-2 complaining of an injury of "pain" and "stress" in his feet and right shoulder. Tseng Decl. Ex. I at Box 14. Mr. Smith listed February 10, 1996, as the date on which he first became aware of the illness and that it was caused or aggravated by his employment. Tseng Decl. Ex. I at Boxes 11-12. On June 8, 2004, USPS disputed Mr. Smith's complaint. Tseng Decl. Ex. S at 144, 147. On June 23, 2004, the Department of Labor requested additional information from Mr. Smith to support his claims. Tseng Decl. Ex. J. Again, Mr. Smith did not respond until he received his final denial because he was still undergoing treatment. Smith Depo. Tr. 134:6-14. On August 27, 2004, the Department of Labor denied Mr. Smith's claim, stating:

> The evidence submitted is insufficient to establish that an injury occurred. Furthermore, there is no medical evidence that provides a diagnosis which could be connected to the claimed conditions and an injury.
>
> You were advised of the deficiencies in your claim in a letter dated 06/23/2004, and provided the opportunity to provide the necessary evidence. No further evidence was received.

Tseng Decl. Ex. K at 1. On September 12, 2004, Mr. Smith appealed the decision. Tseng Decl. Ex. M. On March 25, 2005, the decision was upheld, with the hearing representative finding that "there is simply no evidence in the case record to indicate that the incident occurred as alleged"

---

[2] Mr. Smith appears to have sought reconsideration of his claim in July 2012. Tseng Decl. Ex. S at 170-71. It is unclear how the Department of Labor handled this claim. Br. 3 n.4.

1    and "there is no medical evidence" connecting any condition to Mr. Smith's employment.  Tseng
2    Decl. Ex. L at 3-4.
3        Aside from one month in either August or September 2004, Mr. Smith stopped going to
4    work in April 2004, believing that he did not need to do so "until the paperwork was processed"
5    by the Department of Labor.  Smith Depo. Tr. 66:9-20.  Mr. Smith has not worked for USPS since
6    September 2004.  Smith Depo. Tr. 50:11-13.
7        On September 14, 2010, Mr. Smith was removed from employment with the USPS
8    because he had been "absent from duty in a leave without pay status in excess of more than one
9    year (365 days) due to medical reasons."  Tseng Decl. Ex. N.  On September 30, 2010, Mr. Smith
10   appealed to the Merit Systems Protection Board.  Tseng Decl. Ex. P.  On November 23, 2010, the
11   USPS rescinded Mr. Smith's removal because it realized that Mr. Smith had actually been on
12   absent-without-leave rather than leave-without-pay status for a majority of the relevant period.
13   Tseng Decl. Ex. O; Dkt. No. 1 at 2.  An administrative law judge then dismissed Mr. Smith's
14   appeal as moot.  Tseng Decl. Ex. T at US00522-23.  The Merit Systems Protection Board denied
15   Mr. Smith's petition for review, concluding that Mr. Smith provided no new, previously
16   unavailable evidence and that the administrative law judge committed no legal error in making the
17   decision.  Tseng Decl. Ex. T at US01313.
18       Mr. Smith appealed the Board's decision to the United States Court of Appeals for the
19   Federal Circuit, which held that it could not hear the case and transferred it to this district.  Dkt.
20   No. 1 at 1.

**PROCEDURAL BACKGROUND**

22   After the transfer from the Federal Circuit, this action was opened on March 19, 2012.
23   Dkt. No. 1.  Following two rounds of motions to dismiss, the defendant answered on February 20,
24   2013.  Dkt. No. 32.
25       On January 15, 2014, the defendant filed this motion for judgment on the pleadings or,
26   alternatively, summary judgment.  Dkt. No. 52.  Mr. Smith did not file an opposition by the date it
27   was due, so I issued an order to show cause why default judgment or summary judgment should
28   not be entered in favor of the defendant.  Dkt. No. 58.  I stated that the order would be vacated if

an opposition brief was filed by February 21, 2014. Mr. Smith manually filed an opposition brief on February 21st, which was not placed on the electronic docket until February 26, 2014, due to a delay in processing. *See* Dkt. Nos. 61, 62. The defendant was not aware of the brief until the deadline I had set for the defendant to file any reply brief. Dkt. No. 64-1 ¶ 3. On February 27, 2014, the defendant filed an administrative motion for leave to file a reply brief, Dkt. No. 64, which I granted. Dkt. No. 67.

**LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the court "that there is an absence of evidence to support the non[-]moving party's case." *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate specific facts showing a genuine issue for trial." *Id.* at 324 (quotation marks omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**DISCUSSION**

Although not pleaded in the FAC, based on his deposition, Mr. Smith appears to claim that he was injured on four occasions—in 1988, 1996, 2000 and 2004—for which the defendant failed to provide him with benefits to which he was entitled under the Rehabilitation Act.[3] The

---

[3] At the hearing on this motion, Mr. Smith argued that he was hindered from bringing certain claims because various persons or entities were withholding files and documents from him stemming from incidents relating to misstatements he made on his USPS job application in 1988. *See also* Dkt. No. 61 at 7, 9. I have considered Mr. Smith's arguments and the documents he

5

defendant argues that Mr. Smith's claims concerning injuries that allegedly occurred are barred by the statute of limitations. Br. 9.

Under the Rehabilitation Act, the statute of limitations is determined by state law because the Rehabilitation Act does not contain its own statute of limitations. *Alexopulos By & Through Alexopulos v. S.F. Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir. 1987); *see also Douglas v. Calif. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001). "While state law determines the period of limitations, federal law determines when a cause of action accrues." *Alexopulos*, 817 F.2d at 555 (citation omitted) "Under federal law a cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* Because California is the forum state, I look to California's laws to determine the relevant statute of limitations. *See Brown v. Napa Valley Sch. Dist.*, No. 11-cv-5673-JCS, 2012 WL 1831539, at *5 (N.D. Cal. May 18, 2012); *see also Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135-36 & 1136 n.8 (9th Cir. 2001).

"Most circuit courts have adopted the state statute of limitations for personal injury actions by analogizing ADA or Rehab[ilitation] Act to claims under 42 U.S.C. § 1983, noting that the Supreme Court has held that state statutes of limitations for personal injury claims apply to civil rights claims under § 1983." *Kramer v. Regents of Univ. of Calif.*, 81 F. Supp. 2d 972, 974 (N.D. Cal. 1999) (Illston, J.). "Other courts have looked first to state statutes analogous to the ADA or to the Rehab[ilitation] Act. Where a state statute did not exist these circuit courts also have applied the state personal injury statutes of limitations." *Id.*

Under California law, a two-year statute of limitations applies to personal injury actions. CAL. CODE CIV. P. § 335.1. Based on this, judges have held that a two-year statute of limitations applies to cases under the Rehabilitation Act. *See, e.g.*, *See Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1121 (N.D. Cal. 2011) (Armstrong, J.). Other judges have held that a one-year statute of limitations applies based on the one-year statute of limitations for personal injury

---

submitted in opposition to this motion. Those matters are not directly, or seemingly even indirectly, relevant to the motion or the lawsuit, and they are too long past to affect the claims in this case.

actions before the California legislature amended it to be two years. *See K.S. ex rel. P.S. v. Fremont Unified Sch. Dist.*, No. 06-cv-7218-SI, 2007 WL 915399, at *3 n.1 (N.D. Cal. Mar. 23, 2007); *Kramer*, 81 F. Supp. 2d 972, 976-77 (N.D. Cal. 1999) (citing cases).  Still other judges have held that a three-year statute of limitations applies by analogizing the Rehabilitation Act to state civil rights laws. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 n.8; *Kemp v. Regents of Univ. of Calif.*, No. 09-cv-4687-PJH, 2010 WL 2889224, at *7 (N.D. Cal. July 22, 2010) (ADA case); *Kramer v. Regents of Univ. of Calif.*, 81 F. Supp. 2d 972, 976-77 (N.D. Cal. 1999).

The defendant argues that a two-year statute of limitations should apply based on the personal-injury statute of limitation.  Br. 10 (citing CAL. CODE CIV. P. § 335.1).  "With regard to the 1988 and 1996 injures, Plaintiff knew or should have known he had not received any [ ] benefits as soon as he returned to work and therefore the statute of limitations started running.  At the very latest, Plaintiff knew he could apply for [ ] benefits, and therefore knew or should have known he had not received, or had not been accommodated regarding, such benefits for his 1988 and 1996 injuries, by February 14, 2000, when he filled out a Form CA-1 for his 2000 injury."  Br. 10 (citing Tseng Decl. Ex. E).  The time for Mr. Smith to file a complaint on those injuries therefore ended on February 14, 2002, according to the defendant.

"Regarding the 2000 injury," the defendant argues, "Plaintiff, at latest, knew or should have known of his claim in this action by the time the DOL denied his request for benefits on August 20, 2001.  Regarding the 2004 injury, Plaintiff, at latest, knew or should have known of his claim in this action by the time the DOL affirmed its denial of his request for benefits on March 25, 2005."  Br. 10.  Therefore, his claims were barred by August 20, 2003, and March 25, 2007, respectively, but Mr. Smith did not file his complaint with the Merit Systems Protection Board until September 30, 2010.[4]  The defendant notes that Mr. Smith's claims are barred even under the longer three-year statute of limitations.  Br. 9 n.8.

---

[4] The defendant argues that although prejudice is not an element of a statute of limitations defense, Mr. Smith's delay in bringing suit prejudiced it:  none of Mr. Smith's four identified supervisors work for USPS any longer, three of whom have personnel files that cannot be located.  Br. 11 n.9 (citing Di Paolo Decl. ¶ 4).

7

1    It seems apparent that either the two or three year statute applies, but I do not need to
2 choose in this case. Based on the undisputed facts, I agree that Mr. Smith's action was not filed
3 on time regardless of which limitations period that other judges have used applies. The time
4 period for Mr. Smith to file a complaint began when he knew or had reason to know of his injury,
5 i.e., the wrongful denial of benefits. *See Alexopulos*, 817 F.2d at 555. On June 4, 2004, Mr. Smith
6 completed a Form CA-2 complaining of an injury of "pain" and "stress" in his feet and right
7 shoulder. Tseng Decl. Ex. I at Box 14. He also complained of neck problems. Smith Depo. Tr.
8 112:23-24. On August 27, 2004, the Department of Labor denied Mr. Smith's claim—a decision
9 that was affirmed by the Department on March 25, 2005. This action would have been barred
10 since March 25, 2008, at the latest. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 262 (1980)
11 (holding that the statute of limitations runs when the defendant "had established its official
12 position"); *see also Daviton*, 241 F.3d at 1141 n.11. However, Mr. Smith did not file a complaint
13 with the Merit Systems Protection Board until September 30, 2010. *See Sloan v. West*, 140 F.3d
14 1255, 1261-63 (9th Cir. 1998) (tolling statute of limitations when complaint filed with Merit
15 Systems Protection Board); *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 570 F. Supp. 2d 1212,
16 1222 (E.D. Cal. 2008) (tolling statute of limitations when plaintiff begins administrative
17 proceedings). At least two years had passed since the statute had run. Accordingly, summary
18 judgment must be granted to the defendant because the time period for Mr. Smith to file a
19 complaint applicable to any of his four injuries had expired before he did so.

## CONCLUSION

21    I listened to Mr. Smith's arguments and reviewed his opposition briefs and supporting
22 materials. The undisputed facts show that Mr. Smith filed his complaint with the Merit Systems
23 Protection Board well after the time period that the law allows for him to do so. Accordingly, the
24 defendant's motion for summary judgment is GRANTED.

25    **IT IS SO ORDERED.**
26 Dated: March 6, 2014

WILLIAM H. ORRICK
United States District Judge

8